# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN



GERALD C. MANN
ATTORNEY GENERAL

Honorable Ernest Guinn
County Attorney
El Paso, Texas

Dear Sir:

Opinion No. O-2232
Re: Whether supplemental indenture of trust must be stamped to be recorded

In your letter of April 10, 1940, you request our opinion as to whether a certain supplemental indenture of trust executed by El Paso Electric Company to State Street Trust Company, as trustee, dated December 6, 1939, must be stamped before it is admitted to record.

In 1925 the Electric Company had executed an indenture of trust upon various properties to secure certain bonds issued at that time. That instrument contained clauses subjecting property thereafter acquired to its provisions and requiring the execution of supplemental indentures of trust from time to time, specifically describing such after acquired property. In 1929 the first such supplemental instrument was executed. The instrument in question is the second supplemental trust indenture and covers property acquired subsequent to the execution of the first supplemental indenture in 1929. It is merely executed as cumulative security, there being no change in the maturity dates or other terms of the bonds. Since the former instruments were executed and filed prior to the enactments of the statute levying the tax, they were admitted to record, of course, without being stamped.

Article 7047e, Vernon's Civil Statutes, reads in part as follows:

"(a) Except as herein otherwise provided there is hereby levied and assessed a tax of Ten (10¢) Cents on each One Hundred ($100.00) Dollars or fraction thereof, over the first Two Hundred ($200.00) Dollars, on all notes and obligations secured by chattel mortgage, deed of trust, mechanic's lien contract, vendor's lien, conditional sales contract and all instruments of a similar nature which are filed or recorded in the office of the County Clerk under the Registration Laws of this State; provided that no tax shall be levied on instruments securing an amount of Two Hundred ($200.00) Dollars, or less. After the effective date of this Act, except as hereinafter provided, no such instrument shall be filed or recorded by any County Clerk in this State until there has been affixed to such instrument stamps in accordance with the provisions of this section; providing further that should the instrument filed in the office of the County Clerk be security of an obligation that has property pledged as security in a State or States other than Texas, the tax shall be based upon the reasonable cash value of all property pledged in Texas in the proportion that said property in Texas bears to the total value of the property securing the obligation; and, providing further that, except as to renewals or extensions of accrued interest, the provisions of this section shall not apply to instruments given in renewal or extensions of instruments theretofore stamped under the provisions of this Act or the one amended hereby, and shall not apply to instruments given in the refunding of existing bonds or obligations where the preceding instrument of security was stamped in accordance with this Act or the one amended hereby; provided further that the tax levied in this Act shall apply to only one instrument, the one of the greatest denomination, where several instruments are contemporaneously executed to secure one obligation; and provided further that when

once stamped as provided herein, an instrument may be recorded in any number of counties in this State without again being so stamped. This section shall not apply to instruments, notes, or other obligations taken by or on behalf of the United States or of the State of Texas, or any corporate agency or instrumentality of the United States, or of the State of Texas in carrying out a governmental purpose as expressed in any Act of the Congress of the United States or of the Legislature of the State of Texas, nor shall the provisions of this section apply to obligations or instruments secured by liens on crops and farm or agricultural products, or to livestock or farm implements, or an abstract of judgment."

The instrument in question is in the nature of a deed of trust. In our conference opinion No. 3061 we expressed the view that the tax levied by this statute is upon the privilege of using the records in the office of the county clerk. Attention is particularly called to that part of the statute reading,

"After the effective date of this Act, except as hereinafter provided, no such instrument shall be filed or recorded. . . until there has been affixed to such instrument stamps in accordance with the provisions of this section."

No exception is made of such an instruemtn as this one. The Act does not exempt a deed of trust merely by reason of the fact that the obligation secured was in existence at the time the legislation was enacted. Nor does it exempt a deed of trust or other lien instrument merely by reason of the fact that the obligation secured is also secured by another deed of trust, unless such other deed of trust has been stamped. Such is not the case here. On the other hand a reading of the Act discloses rather clearly an intent to require that at least one lien instrument securing a note or other obligation shall be stamped if accepted for record.

In our opinion the instrument submitted to us must be stamped under said Article 7047e.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Glenn R. Lewis
Assistant

GRL:LW

APPROVED APR 20, 1940

(s) Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
opinion committee
By BWB
chairman